1

2

3

4

5

6

7             UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
8

9   CAROLYN MEYEN                      )
                                       )   No. 12-CV-039-JPH
10          Plaintiff,                 )
                                       )
11   v.                                )   ORDER GRANTING DEFENDANT'S
                                       )   MOTION FOR SUMMARY
12   CAROLYN W. COLVIN,[1]             )   JUDGMENT AND DENYING
     Commissioner of Social Security,  )   PLAINTIFF'S MOTION FOR
13                                     )   SUMMARY JUDGMENT
            Defendant.                 )
14                                     )
                                       )
15 ─────────────────────────────────  )

16          BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.16, 24.) Attorney

17   Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Kathy Reif represents

18   defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec.7.) After reviewing

19   the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for

20   Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

21                              **JURISDICTION**

22          Plaintiff Carolyn Meyen (plaintiff) protectively filed for supplemental security income (SSI) and

23   disability insurance benefits (DIB) on December 11, 2008. (Tr. 119, 121, ) Plaintiff alleged an onset date

24   of July 26, 1996. (Tr. 119, 121.) Benefits were denied initially and on reconsideration. (Tr. 80, 84, 89,

25   91.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ

26

27          [1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for
28   Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by
     reason of the last sentence of 42 U.S.C. § 405(g).

     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

James Sherry on June 10, 2010. (Tr. 35-74.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 38-61.) Plaintiff's husband Albert Meyen and vocational expert Sharon Welter also testified. (Tr. 61-73.) The ALJ denied benefits (Tr. 17-28) and the Appeals Council denied review. (Tr. 1.) The matter is now before t (Tr. his court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 51 years old at the time of the hearing. (Tr. 39.) She completed ninth grade and has a GED. (Tr. 39.) She last worked in 1996 at the restaurant she owned with her husband. (Tr. 40-41.) Plaintiff testified her physical and emotional symptoms prevented her from working more than two hours a day. (Tr. 43.) She testified she got tired, had stomach ailments, had lots of aches and pains, was not sleeping well, and her hands a wrists would "give out." (Tr. 43.) She was diagnosed with a gall stone and hepatitis C in 1996. (Tr. 46.) She testified her health has never improved. (Tr. 47.) She has to rest twice a day. (Tr. 47.) Her hands and hips bother her. (Tr. 47.) She rarely drives because she has panic and anxiety attacks. (Tr. 49.) It is difficult for her to leave the house. (Tr. 50.) She has problems with her lungs. (Tr. 50-51.) She has asthma and has had bronchial asthma and pleurisy, although her lungs improved when she quit smoking six years prior. (Tr. 51-52.)  She had lung cancer and is still monitored for minuscule spots on her right lung. (Tr. 52, 60.) She still experiences shortness of breath. (Tr. 52.) She occasionally has aches and pains from a growth in her liver. (Tr. 53.) She gets migraines. (Tr. 54.) When her migraines were at their worst, she had two or three day episodes two or three times a month. (Tr. 54.) Her hepatitis C is monitored but she was not being treated at the time of the hearing. (Tr. 57.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can

perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since July 26, 1996, the alleged onset date. (Tr. 19.) At step two, the ALJ found plaintiff has the following medically determinable impairment: multifocal bronchoalveolar carcinoma; mild emphysema; and scattered arthralgias. (Tr. 20.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 24.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally lift and/or carry no more than twenty pounds. The claimant can frequently lift and/or carry ten pounds. The claimant can stand and/or walk approximately six hours out of an eight-hour workday. The claimant can sit approximately six hours out of an eight-hour workday. The claimant can push/pull unlimitedly within lifting restrictions. The claimant can never climb ladders, ropes or scaffolds. The claimant can frequently climb ramps or stairs. The claimant can frequently balance stoop, crouch, kneel and crawl. The claimant can frequently reach, handle and finger. The claimant must avoid concentrated exposure to unprotected heights and moving machinery.

(Tr. 25.) At step four, the ALJ found plaintiff is able to perform past relevant work (Tr. 28.) Alternatively, based on the testimony of the vocational expert, the ALJ determined there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. (Tr. 28.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from July 26, 1996 through the date of the decision. (Tr. 28.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) erroneously concluded she did not have a severe mental impairment; (2) did not properly consider or reject the opinions of treating and examining sources; and (3) did not properly consider plaintiff's testimony regarding symptoms and limitations. (ECF No. 17 at 10-18.) Defendant argues the ALJ: (1) reasonably determined plaintiff had no severe mental impairment; (2) reasonably rejected the opinions of mental health providers; and (3) gave legally sufficient reason for finding plaintiff not credible. (ECF No. 25 at 4-16.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

**DISCUSSION**

**1.      Credibility**

Plaintiff argues the ALJ did not properly consider or reject her testimony. (ECF No. 17 at 18.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The first reason mentioned by the ALJ in finding plaintiff not credible is that her subjective

complaints are not reasonably consistent with the medical evidence. (Tr. 25.)  Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995). A strong indicator of credibility is the consistency of the individual's own statements made in connection with the claim for disability benefits and statements made to medical professionals.  S.S.R. 96-7p. The ALJ pointed out that during an August 2008 checkup, plaintiff reported she "feels well with no complaints, has good energy level and is sleeping well." (Tr. 226.) In September 2009, plaintiff  was diagnosed with lung cancer and had surgery to remove a lesion. (Tr. 477.) By February 2010, plaintiff's treating physician stated plaintiff seemed to be "doing well" and medication had made a "marked improvement" in plaintiff's anxiety and depression. (Tr. 350.) In April 2010, her treating physician noted plaintiff "feels well with minor complaints." (Tr. 593.) In September 2010, she told her oncologist her main complaint was some low blood pressure readings at home and in December 2010, the oncology nurse noted plaintiff reported doing fairly well. (Tr. 567.) In July 2011, during follow up with her treating physician, plaintiff was again noted to being feeling well with minor complaints. (Tr. 602.) Plaintiff's statements to medical professionals are reasonably interpreted by the ALJ as inconsistent with her complaints of disabling symptoms. This is a clear and convincing reason supported by substantial evidence justifying the negative credibility finding.

Next, the ALJ pointed out plaintiff testified her headaches occurred about two to three times per month for many years. (Tr. 26, 54.)  The ALJ noted this suggests plaintiff had worked with headaches, which is inconsistent with allegations of disabling headaches. (Tr. 26.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Further, the ALJ observed plaintiff has never sought treatment for migraines or been referred to a neurologist for evaluation. (Tr. 27.) The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms as well is a relevant factor in evaluating the intensity and persistence of symptoms.  20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v).  The lack of prescription medication is an appropriate consideration in determining credibility. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (noting claimant's use of nonprescription medication as a factor supporting credibility determination).  Plaintiff told her treating provider in she did not want any

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

preventative medication. She reported that a couple of aspirin and rest generally resolved her headaches or she took nonprescription migraine medication. (Tr. 26, 190, 333, 460.) The ALJ reasonably considered the inconsistency between plaintiff's complaints and the level of treatment regarding headaches in evaluating plaintiff's credibility.

The ALJ also cited plaintiff's activities of daily living in finding plaintiff less than fully credible. (Tr. 26.) It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins*, 261 F.3d at 857. The ALJ pointed out that in 1997, plaintiff spent three days on a motorcycle trip riding over 1000 miles. (Tr. 26, 59, 444.) She went to Paris and Scotland with her daughter in 2010. (Tr. 26, 530, 538-39.) She reported she can drive, she walks regularly, and her daily activities include watching television, some housework, gardening, playing cards, preparing meals, talking to her daughter on the phone, using the computer and web TV, and regularly shopping for groceries alone. (Tr. 26, 145-47.) Plaintiff asserts, "The Administrative Law Judge indicated that these activities do not reflect the disabling limitations alleged by the claimant. Ms. Meyen believes they do." (ECF No. 17 at 17.) Although the evidence of plaintiff's daily activities may also be interpreted more favorably to plaintiff, the ALJ's interpretation was rational, and the ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 680 -681 (9th Cir. 2005); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989.) Plaintiff's argument illustrates the *Magallenes* principle: her argument is simply another interpretation of the evidence, and is furthermore unsupported by citations to the law or to the record.[2]

---

[2]Plaintiff misstates the record and fails to provide citations for factual assertions. (ECF No. 17 at 16.) Plaintiff cites the transcript at page 147 and states, "In her function report she states that she does not go places on her own that she was able to do household chores except that she was only able to do the chores for about half an hour to an hour at a time." (ECF No. 17 at 16.) However, the time limit mentioned at page 147 of the transcript is in response to the question, "How much time does it take, and how often do you do each of these thing?" (Tr. 147.) Plaintiff responded that on average, chores, light yardwork, it takes one half to one hour to complete the chore. (Tr. 147.) She reported doing dishes takes 20 minutes, preparing dinner takes 30 minutes, and that she only does yard work occasionally in the summer and spring. (Tr. 147.) Without citing the record, plaintiff asserts she stated she only leaves her house once or twice per year. (ECF No. 17 at 16.) However, the function report completed by plaintiff and cited by the ALJ in support of his finding of inconsistencies in between her activities and her allegations states, "Usually once a week go to town for groceries. Sometimes once every 2 wks. Or more for going to town." (Tr. 145.) The ALJ's conclusions are supported by the evidence; plaintiff's arguments

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

The ALJ cited at least three clear and convincing reason supported by substantial evidence in making a negative credibility finding. Plaintiff's only argument is that the ALJ should have interpreted the evidence in a manner more favorable to plaintiff. The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). Substantial evidence supports the ALJ's conclusions and the credibility finding is properly justified by clear and convincing reasons supported by substantial evidence.

**2.    Step Two**

Plaintiff argues the ALJ erroneously concluded plaintiff has no severe mental impairment. (ECF No. 17 at 12-14.) .) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-

_____

are not.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id.*

The ALJ considered the four broad functional areas set forth in the regulations for evaluation of mental disorders and concluded the evidence reflects plaintiff has mild limitations in the first two function areas, activities of daily living and social functioning. (Tr. 23.) In the third functional area, the ALJ determined plaintiff had no limitation in concentration, persistence or pace. (Tr. 23.) In the fourth functional area, plaintiff has had no episodes of decompensation of extended duration. (Tr. 24), 20 C.F.R. 404.1520a(d)(1) and 416.920a(d)(1), 20 C.F.R. Part 404, Subpart P, Appendix 1. Because plaintiff's medically determinable mental impairments cause no more than mild limitations in the first three functional areas and there are no episodes of decompensation under the fourth functional area, the ALJ concluded plaintiff's mental impairments are nonsevere. (Tr. 24.)

In assessing plaintiff's mental impairments, the ALJ considered evidence throughout the record. (Tr. 22-23.) Plaintiff first complained of depression and anxiety in February 1997, although she reported having been on Paxil for 3 years in the 1990s and said she suffered from anxiety and depression all her life. (Tr. 346, 437, 522.) In 1998, Paxil "helped tremendously." (Tr. 364.) In November 2009, plaintiff complained of anxiety and was reluctant to restart anti-anxiety or depression medication. (Tr. 346.) However, her physician prescribed lorazepam and in February 2010, opined that her function was "markedly improved" with the medication. (Tr. 349-50.) The record reasonably supports the conclusion that when plaintiff was taking medication for anxiety or depression, her symptoms were relieved. *See*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

*Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Further, despite complaints of disabling anxiety and reported to her treating provider that she avoided contact with outsiders, plaintiff took at least two significant vacations after her alleged onset date. (Tr. 26.)

The ALJ also pointed out plaintiff's daily activities reflect no mental limitations. (Tr. 23, 26.) As discussed *supra*, plaintiff reported visiting with friends, doing household chores including washing dishes, making beds, dusting, vacuuming and washing clothes. (Tr. 23, 26.) She spent her days watching television, visiting with family, doing light housework, taking short walks, playing cards, reading, completing crossword puzzles and preparing dinner. (Tr. 23, 551.) Plaintiff was able to cooperatively attend many medical appointments, travel abroad, and do jigsaw puzzles, crosswords, and work on the computer. (Tr. 23, 26.) Based on the foregoing, the ALJ concluded plaintiff's mental limitations are nonsevere. (Tr. 24.) Plaintiff does not identify any specific error in these findings or discuss evidence overlooked by the ALJ which establishes a severe impairment.

Other evidence supporting the ALJ's step two finding is the opinions of the reviewing psychologists. Dr. Dennis, Dr. Kester and Dr. Bailey all concluded plaintiff has no severe impairment after reviewing the record. (Tr. 316-32.) Furthermore, the ALJ credited many of the findings of Dr. Pollack, an examining psychologist, and noted he found no more than mild social limitations and his narrative findings reflected no limitations in concentration, persistence or pace. (Tr. 23, 547-53.) Based on the foregoing, the ALJ's finding of no severe mental impairment is supported by substantial evidence in the record.

### a.    Dr. Pollack

The ALJ rejected evidence relied on by plaintiff in support of her argument that a mental impairment was established at step two. Plaintiff cites the findings of Dr. Pollack, a psychologist who evaluated plaintiff in May 2010. (ECF No. 17 at 13, Tr. 547-53.) Dr. Pollack diagnosed major depressive disorder and anxiety disorder. (Tr. 553.) He also completed a "Mental Medical Source Statement" and assessed a marked limitation in the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; a marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and a moderate

limitation in the ability to maintain attention and concentration for extended periods. (Tr. 554-56.) The ALJ gave some weight to Dr. Pollack's assessment and found the mild limitations assessed by Dr. Pollack in other functional areas are consistent with the record, but the moderate and marked limitations are "beyond the evidence in the record." (Tr. 23.)

Plaintiff asserts the ALJ "never set forth any specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Pollack's opinion." (ECF No. 17 at 14.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Although plaintiff asserts the ALJ improperly rejected some of Dr. Pollack's findings, plaintiff fails to address the ALJ's explanation for rejecting the two marked and one moderate limitation assessed by Dr. Pollack. (Tr. 23.) The ALJ found Dr. Pollack's assessment is not consistent with the findings in his narrative report. (Tr. 23.) A medical opinion may be rejected by the ALJ if it contains inconsistencies. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). A medical opinion may also be rejected if it is unsupported by medical findings. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ pointed out the narrative evaluation mentions virtually no functional limitations and plaintiff's IQ was at least average or better than average.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

(Tr. 551-53.) This suggests Dr. Pollack's functional conclusions are not supported by his findings. Next, the ALJ noted the record reflects plaintiff was able to consistently adhere with her medical treatment over a number of years, indicating good persistence which conflicts with Dr. Pollack's marked limitations. (Tr. 23.) Additionally, Dr. Pollack found plaintiff's thinking "logical and progressive" and her concentration and persistence were essentially unremarkable during testing which is inconsistent with his functional findings. (Tr. 23, 547, 551-52.) These are specific, legitimate reasons supported by substantial evidence in the record and the ALJ did not err in rejecting Dr. Pollack's opinion. As a result, plaintiff's reliance on Dr. Pollack's opinion is misplaced.

**b.    Bobbi Hamilton, LICSW**

Plaintiff also points to a comprehensive assessment completed by Bobbi Hamilton, LICSW, as evidence of a severe mental impairment. (ECF no. 17 at 15.) Ms. Hamilton began regular counseling sessions with plaintiff in February 2010. (Tr. 522.) Ms. Hamilton prepared a comprehensive assessment dated April 29, 2010. (Tr. 543-45.) Ms. Hamilton diagnosed generalized anxiety disorder, posttraumatic stress disorder, and specific phobia, animal type and assessed a GAF score of 45.[3] (Tr. 543-44.) Plaintiff points out Ms. Hamilton stated, "She is not currently employed; her lack of a job may be directly related to anxiety and inability to function well in public and social situations." (ECF No. 17 at 15, Tr. 544.)

Plaintiff argues the ALJ did not set forth any reasons for rejecting Ms. Hamilton's opinion and asserts this is reversible error. (ECF No. 17 at 15.) As a social worker, Ms. Hamilton is an "other source" under the regulations. The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting

---

[3]A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

it.

Plaintiff is incorrect that the ALJ did not specifically reject Ms. Hamilton's assessment. The ALJ specifically rejected the GAF score of 45 assessed by Ms. Hamilton. (Tr. 26.) The ALJ observed the score is inconsistent with plaintiff's daily activities, her trip abroad and her interaction with medical provider. (Tr. 26.) The ALJ also concluded the assessment "seems to be based mostly on subjective complaints." (Tr. 26.) As plaintiff's subjective complaints were properly determined by the ALJ to be not credible, Ms. Hamilton's assessment is unreliable to the extent it is based on those complaints. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. These reasons are germane to Ms. Hamilton's opinion and are supported by substantial evidence. Further, as defendant points out, the remainder of Ms. Hamilton's assessment is essentially consistent with the ALJ's conclusions. (ECF No. 25 at 10.) As a result, the ALJ did not err in rejecting the GAF score assessed by Ms. Hamilton.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED.**

2.      Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED June 13, 2013

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14